THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARATI SHAH, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. _____ (JURY) |
| v. | § § | |
| CONSTELLATION NEWENERGY, INC. | § § | COLLECTIVE ACTION |
| Defendant. | § | |

ORIGINAL COLLECTIVE ACTION COMPLAINT

I. SUMMARY OF SUIT

1. Constellation Newenergy, Inc. ("the Company") is the leading supplier of electricity in North America. The Company misclassified its business development associates, including Plaintiff Arati Shah ("Shah"), as exempt and paid them a straight salary regardless of hours worked. The Company temporarily classified Shah and other business development associates as nonexempt for a two month period in 2006 and subsequently reinstated their exempt classification.

2. Accordingly, Shah brings this action to recover unpaid overtime wages, liquidated damages, and attorneys' fees owed to her as an individual and to other similarly situated employees under the Fair Labor Standards Act, 29 U.S.C.A. § 216(b)(2008) ("FLSA").

II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction under 29 U.S.C.A. § 216(b)(2008) and 28 U.S.C.A. §§ 1331 and 1367 (2008).

4. Shah brings this complaint in the district in which she

and the Company reside and a substantial part of the conduct charged herein occurred. Accordingly, venue is proper in this district pursuant to 28 U.S.C.A. § 1391(b)(2008).

### III. THE PARTIES

5. Shah was employed by the Company within the meaning of the FLSA during the three-year period preceding the filing of this complaint. Shah worked as a business development associate for workweeks of more than forty (40) hours per week. Shah was paid a straight salary during her employment with the Company. In performing her duties, Shah engaged in commerce or in the production of goods for commerce. Shah's consent is attached hereto as Exhibit "A."

6. The "Members of the Class" are all current and former business development associates who were employed by the Company during the three-year period preceding the filing of this complaint. Like Shah, these persons engaged in commerce or in the production of goods for commerce in performing their duties for the Company. These similarly situated persons are referred to as "Members of the Class" or "the Class."

7. The Company is a foreign corporation doing business in Texas and is an enterprise engaged in commerce or the production of goods for commerce. In addition, the Company has acted, directly or indirectly, in the interest of an employer with respect to Shah and other similarly situated business development associates. The

Company may be served with process by serving its registered agent, CT Corporation System, at 350 N. St. Paul Street, Dallas, Texas, 75201.

## IV. BACKGROUND

8. The Company supplies energy to businesses throughout North America. The Company has an active sales team supported by business development associates. The Company classified these business development associates, including Shah, as exempt and paid them a straight salary regardless of hours worked.

9. In May of 2006, the Company changed the classification of its business development associates to nonexempt and paid them an hourly rate of pay as well as overtime compensation for all hours worked over forty (40) in a workweek. By August of 2006, the Company reclassified the business development associates as exempt without any change in their job duties and once again paid them a straight salary regardless of hours worked.

10. As a result, Shah and Members of the Class worked more than forty (40) hours per week and were not compensated for their all of their hours and overtime hours at one and one-half times their regular rate.

## V. SHAH'S INDIVIDUAL ALLEGATIONS

### Failure To Pay Wages

11. Although Shah routinely worked more than forty (40) hours per week, she was not compensated for the actual hours worked.

Rather, Shah was paid the same salary regardless of the number of hours worked. Thus, Shah remains unpaid for the off-the-clock hours worked in excess of forty (40) hours.

<u>Failure To Pay Overtime Wages</u>

12. Shah is entitled to be paid time-and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C.A. § 207(a)(2008). Accordingly, the Company's practice of failing to pay Shah overtime compensation is a clear violation of the FLSA.

13. No exemption excuses the Company from paying Shah overtime rates for hours worked over forty (40). Nor has the Company made a good faith effort to comply with the FLSA. As a non-exempt employee, Shah was entitled to be paid time and-a-half for all hours worked in excess of forty hours in a workweek. 29 U.S.C.A. § 207(a)(2008). Accordingly, the Company's practice of failing to pay Shah overtime compensation was and is a clear violation of the FLSA.

14. Further, the Company knowingly, wilfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Shah.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS</u>

15. Other business development associates have been victimized by the Company's pay practices and policies which are in willful violation of the FLSA. All business development associates worked similar hours and were paid in the same or a similar manner.

16. The Members of the Class perform work which is similar in nature to that performed by Shah, i.e., providing support to the sales team. Accordingly, the employees victimized by the Company's unlawful practices are similarly situated to Shah in terms of their job duties.

17. Further, each member of the class was paid according to the same payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

18. The Company's failure to pay overtime compensation as required by the FLSA results from a generally applicable policy and job requirements which does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is specifically prohibited by the FLSA. Thus, Shah's experiences are typical of the experiences of the Members of the Class.

19. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> All current and former full time business development associates who were employed by the Company during the three-year period preceding the filing of this complaint.

20. The Company's practice of failing to pay Shah and the Members of the Class for the actual hours worked or for overtime

hours worked at one and one-half times their appropriate regular rate was and is in violation of the FLSA.

### VII. CAUSE OF ACTION

21. Shah incorporates all allegations contained in paragraphs 1 through 20.

22. Accordingly, Shah and the Members of the Class are entitled to unpaid wages and unpaid overtime pay in an amount which is one and one-half times their appropriate regular rates.

23. Additionally, Shah and the Members of the Class are entitled to an amount equal to all of their unpaid wages and unpaid overtime wages as liquidated damages.

24. Additionally, Shah and the Members of the Class are entitled reasonable attorneys' fees and costs of this action. 29 U.S.C.A. § 216(b)(2008).

### VIII. JURY DEMAND

25. Shah hereby requests a trial by jury.

### VIII. PRAYER

WHEREFORE, Shah and Members of the Class request that this Court award Shah and Members of the Class judgment against Constellation Newenergy, Inc. for:

  a. damages for the full amount of their unpaid wages and unpaid overtime compensation;

  b. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

  c. reasonable attorneys' fees, costs and expenses of this action;

    d.    pre-judgment interest and post-judgment interest at the highest rates allowable by law; and

    e.    such other and further relief as may be allowed by law.

Respectfully submitted,

_____
Mark Siurek
TBA# 18447900
Fed ID# 9417
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR
PLAINTIFF ARATI SHAH

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed ID# 13941
3355 W. Alabama, Suite 1010
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com